KNIGHT, APPELLANT, *v.* ADMINISTRATOR, OHIO
BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

[Cite as Knight *v.* Ohio Bur. of Emp. Serv. (1986),
28 Ohio St. 3d 8.]

(No 86-215—Decided December 17, 1986.)

*Blaise C. Giusto,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Patrick A. Devine,* for appellee.

DOUGLAS, J. The first question presented in this case is when does an applicant's "benefit year" for unemployment compensation purposes commence. R.C. 4141.28 provides, in pertinent part:

"(A) Applications for determination of benefit rights and claims for benefits shall be filed with a deputy of the administrator of the bureau of employment services designated for the purpose.

"* * *

"(C) The administrator or his deputy shall promptly examine any application for determination of benefit rights filed, and on the basis of any facts found by him shall determine whether or not such application is valid, and if valid the date on which the benefit year shall commence and the weekly benefit amount."

An application is not "valid" unless the applicant is either totally unemployed or partially unemployed as defined by R.C. 4141.01(M) and (N). Ohio Adm. Code 4141-27-02(A). If it is determined that an application is valid, the administrator or his deputy then must decide when the "benefit year" shall commence.

" 'Benefit year' with respect to an individual means the fifty-two week period beginning with the first day of that week with respect to which he *first files* a valid application for determination of benefit rights * * *." (Emphasis added.) R.C. 4141.01(R).

Interpreting this statute, we conclude that a benefit year for unemployment benefits commences on the first day of that week in which an applicant first files a valid application for the determination of benefit rights. See, also, Ohio Adm. Code 4141-27-02(A).

In this case the parties do not contest that appellant filed a "valid application" pursuant to R.C. 4141.28. Thus, since appellant first filed a valid application on Monday, August 29, 1983, his benefit year would properly commence on August 28, 1983.

The second question presented in this case is from which date may appellant's actual claim for benefits be allowed. In considering this question, we are mindful that the legislature has promulgated specific provisions in the law for the granting of unemployment benefits to teachers. In particular, former R.C. 4141.29(I)(1)(a), in effect at the time this case was initiated, provided that a teacher at a public school shall not be paid unemployment benefits for any week of unemployment which begins between two successive academic years or terms if the teacher had a contract or a reasonable assurance of reemployment in a similar capacity for the next school year or term.

Moreover, pursuant to former R.C. 4141.29(I)(2)(b), a teacher is entitled to unemployment benefits, if otherwise eligible, as of the actual date it is determined, prior to or at the beginning of the ensuing academic year or term, that the teacher had no contract or reasonable assurance of reemployment.

Herein, on June 14, 1983, appellant had entered into a written con-

tract for reemployment as a school teacher for the 1983-1984 school year. There is no evidence in the record to indicate that on June 14, 1983 the school board did not fully intend to employ appellant, on August 26, 1983, as a school teacher. The decision not to reemploy appellant was made on August 26, 1983 when the board determined that student enrollment was insufficient to justify offering the class. Thus, from the evidence adduced at the proceedings below, it is clear that appellant was barred by the provisions of R.C. 4141.29(I)(1)(a) and 4141.29(I)(2)(b) from qualifying for unemployment benefits until *at least* August 26, 1983, the date when he first became aware that he had no contract or reasonable assurance of reemployment for the 1983-1984 school year.

Significantly, however, R.C. 4141.29(A) provides that no individual is entitled to benefits for any week unless he has filed a valid application for the determination of benefit rights in accordance with R.C. 4141.28. Since appellant's benefit year did not commence until August 28, 1983, he could not qualify for benefits until at least that same date even though his contract was suspended on August 26, 1983. Thus, in accordance with 4141.29(I)(2)(b) and the eligibility requirements referenced therein, appellant was not eligible to receive unemployment benefits prior to August 28, 1983.

In spite of these statutory and administrative guidelines, the court of common pleas ruled that appellant was entitled to retroactive recovery of benefits. The standard of review for a court of common pleas reviewing a board of review's decision is set forth in R.C. 4141.28(O). R.C. 4141.28(O) provides, in pertinent part:

"* * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *"

Having demonstrated that the board's decision was amply supported by the weight of the evidence, our final inquiry is whether the court of common pleas correctly concluded that the denial of retroactive benefits to this appellant-applicant was unlawful or unreasonable simply because two other applicants received such retroactive treatment. Our answer must necessarily be in the negative.

Accordingly, we find that the board of review's decision was neither unreasonable, unlawful, nor against the manifest weight of the evidence. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.